IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS WEBB & THAD BEVERSDORF, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL FRAWLEY, ) <br> ) <br> Defendant. ) <br> ) <br> v. ) <br> ) <br> JEFFRIES, LLC, ) <br> ) <br> Respondent in Discovery. ) | No.: 1-15 CV 06406 |

**MOTION TO REMAND AND MEMORANDUM IN SUPPORT**

NOW COME the Plaintiffs, NICHOLAS WEBB & THAD BEVERSDORF, by and through undersigned counsel, MCKNIGHT, KITZINGER & PRAVDIC, and move this Court to remand this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) and in support thereof state as follows:

1. On June 16, 2015 Plaintiffs, NICHOLAS WEBB and THAD BEVERSDORF, filed a four count Complaint against Defendant, MICHAEL FRAWLEY, and also naming JEFFERIES, LLC as a Respondent in Discovery under 735 ILCS 5/2-402 of the Illinois Code of Civil Procedure in the Circuit

Court of Cook County, County Department, Law Division. (See complaint attached as Exhibit A.)

2. Each of the Plaintiffs alleged two counts against the Defendant. Each of the Plaintiffs alleged fraud and tortious interference with contract.

3. The Summons and Complaint were served on Defendant on June 26, 2015. (See affidavit of service attached as Exhibit B.)

4. On July 22, 2015 Defendant filed its Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division on July 22, 2015. (See Notice of Removal attached hereto as Exhibit C.)

5. Defendant sought removal to the United States District Court based upon 28 U.S.C. § 1332 asserting the parties are diverse and the amount in controversy was asserted to be more than $75,000.00. (See Exhibit C.)

6. "To invoke the diversity jurisdiction of the federal courts, a party must establish both that diversity of citizenship is complete and the 'matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs.'" *Travelers Property Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012), *quoting* 28 U.S.C. 1332(a)

7. Plaintiffs assert that the Defendant has not met the threshold requirement for establishing that the amount in controversy exceeds $75,000.00.

8. "To remove a case to federal court, a defendant must establish the jurisdictional requirements with "competent proof," evidence which proves to a reasonable probability that jurisdiction exists." 28 U.S.C. §§ 1332, 1441; *Chase v. Shop `N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997).

9. When a party removes a case from state to federal court, they must show by a preponderance of the evidence that the case meets the $75,000.00 threshold. The party invoking the jurisdiction bears the burden of establishing the jurisdictional allegations. *Meridian Sec. Ins. Co. v. Sadowski* (7th Cir. 2006) 441 F.3d 536, 542.

10. "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal,* 985 F.2d 908 at 911. Alternatively stated, there is a strong presumption in favor of remand. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

11. The only evidence provided in support of the Notice of Removal was the Complaint itself. (See Exhibit C.)

12. First, the Illinois Code of Civil Procedure specifically recognizes that "no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." See 735 ILCS 5/2-604. Second, the prayer for relief may be objected to on the motion of

3

defendant and the court. See 735 ILCS 5/2-604. The prayer for relief is not binding and is not evidence and does not establish the jurisdiction of this court.

13. Regardless, the claims of multiple litigants cannot be aggregated to reach the jurisdictional requirement of the amount in controversy. See *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

14. Therefore, Defendant's only assertion to support that the amount in controversy in this cause exceeds $75,000.00 is to aggregate the prayers for relief in each of the individual Plaintiff's respective claims. (See para. 7 of the Notice of Removal, Exhibit C.)

15. In the case at bar, the only aggregation that may possibly occur is in the review of the claims made by the individual Plaintiffs. However, claims for duplicative relief are not to be considered in determining the amount in controversy, rather, the case must considered as a whole. See *Johnson v. Wattenberger* 361 F.2d 991 (7th. Cir., 2004).

16. It is important to note that in each of the Plaintiff's fraud claims, the Plaintiffs incorporate the bulk of the factual allegations supporting the tortious interference with contract claims. (See Exhibit A.) The same injury sustained by the Plaintiffs is recoverable under separate legal theories.

17. It is well established that for one injury there should only be one recovery irrespective of the availability of multiple remedies and actions. See

*Federal Ins. Co. v. Binney & Smith, Inc.*, 913 N.E.2d 43, 393 Ill.App.3d 277 (Ill. App., 2009).

18. Applying the above analysis to the case at bar, establishes that the Defendant may not rely upon the aggregation of the individual Plaintiff's fraud claims with the tortious interference with contract claims.

19. The Defendant simply has produced no evidence to establish that the amount in controversy exceeds $75,000.00. The case at bar should be remanded back to the Circuit Court of Cook County with all statutory relief to be provided to Plaintiffs.

        Respectfully submitted,

        /s/ Cornelius E. McKnight
        Cornelius E. McKnight
        McKnight, Kitzinger & Pravdic, LLC
        117 North Jefferson Street, Suite 301
        Chicago, Illinois  60661
        Ph:   (312)463-9400
        Fax:  (312)463-9401

**PROOF OF SERVICE BY ECF**

  I, Cornelius E. McKnight, an attorney, being first duly sworn on oath, depose and say that I served a copy of the attached document(s) by filing same with the Clerk of the Court using the CM/ECF system on August 21, 2015 which will send notification of such filing to:

Arthur W. Hahn
arthur.hahn@kattenlaw.com
Dawn M. Canty
dawn.canty@kattenlaw.com
J Matthew Haws
matthew.haws@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
ecfdocket@kattenlaw.com
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200


            /s/ Cornelius E. McKnight
            Cornelius E. McKnight