*Exhibit 1*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

NICHOLAS WEBB & THAD BEVERSDORF
*Plaintiff*
v.
MICHAEL FRAWLEY
*Defendant*

Civil Action No. 1-15 CV 06406

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JEFFERIES, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider.

| Place: McKnight, Kitzinger & Pravdic, LLC<br>117 N. Jefferson, Suite 301<br>Chicago, Illinois 60661 | Date and Time:<br>November 16, 2015 @ 10:00AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 30, 2015

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Nicholas Webb & Thad Beversdorf                      , who issues or requests this subpoena, are:
Cornelius E. McKnight; McKnight Kitzinger & Pravdic, LLC; 117 N. Jefferson, Suite 301, Chicago, Illinois 60661; cmcknight@mkplawyers.com; (312) 463-9400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1-15 CV 06406

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:15-cv-06406 Document #: 26-1 Filed: 11/13/15 Page 4 of 9 PageID #:257

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Nicholas Webb and Thad Beversdorf, by and through their attorneys, subpoena for production the following documents, information, or objects (individually, a "Request," and collectively the "Requests"), to non-party Jefferies, LLC.

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff(s)" shall refer to Nicholas Webb and Thad Beversdorf.

2. "Defendant" shall refer to Michael Frawley.

3. "Newedge" shall refer to Newedge Group, SA, and includes but is not limited to, its predecessors or successors, and any agents, attorneys, representatives, employees, and/or other persons acting on their behalf.

4. "Jefferies," "You," and "Your" shall refer to Jefferies, LLC, and includes but is not limited to, its former subsidiary Jefferies Bache, LLC, and their predecessors or successors, and any agents, attorneys, representatives, employees, and/or other persons acting on their behalf.

5. "Base Metals Desk" shall refer to Jefferies' Base Metals Trading group, Global Metals group, and the LME Floor Team group, and their predecessors or successors, and any agents, attorneys, representatives, employees, and/or other persons acting on their behalf.

6. "Person" or "persons" shall mean an individual, corporation, proprietorship, partnership, association, or any other entity.

7. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed,

punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

8. The term "thing" refers to any tangible object, other than a document, and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

9. "Communication" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

10. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and

2

"one or more" shall include each other whenever possible to expand, not restrict, the scope of the Request.

11. Reference to the singular in any of these Requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

12. These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, you should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

13. If you refuse to disclose any of the documents, things or communications requested in any of these Requests on the basis of a privilege or other protection, please so state, and further state the basis of the privilege or other protection claim with sufficient specificity to permit the Court and counsel to evaluate and test the privilege or protection claimed.

14. If the documents, things or communications requested are maintained in an electronic format, please produce it in a form or forms in which it is ordinarily maintained, including all accompanying metadata, subject to the following exceptions:

    A. If the documents, things or communications requested are emails, messages, and calendar events, please produce them in their native .pst format.

    B. If the documents, things or communications requested are spreadsheets, please produce them in their native .xls or .xlxs format.

## REQUESTS FOR PRODUCTION

1. Produce your employment file for Nicholas Webb.

2. Produce your employment file for Thad Beversdorf.

3. Produce all documents, things and communications regarding the employees Jefferies included in the "Quarterly Base Metals Bonus Pool," as defined in Exhibit "A" hereto, from the period of January 1, 2011 to present.

4. Produce all documents, things and communications regarding Jefferies' calculation of the "Quarterly Base Metals Bonus Pool," as defined in Exhibit "A" hereto, from the period of January 1, 2011 to present.

5. Produce all documents, things and communications regarding the accounting of "Quarterly Base Metals Bonus Pool," as defined in Exhibit "A" hereto, from the period of January 1, 2011 to present.

6. Produce all documents, things and communications regarding any bonuses paid by Jefferies' from the "Quarterly Base Metals Bonus Pool," as defined in Exhibit "A" hereto, from the period of January 1, 2011 to present.

8. Produce all separation, severance and termination agreements of any persons who had been employed by Newedge and were later employed by Jeffries, LLC, or its subsidiaries, and ceased employment from the period of January 1, 2011 to the present.

9. Produce all documents, things and communications regarding Jefferies internal policies or procedures for the calculation and awarding of bonuses, from the period of January 1, 2011 to the present.

10. Produce all settlement agreements reached between you and Newedge arising out of Jefferies' raiding of Newedge employees, as alleged in the Statement of Claims attached hereto as Exhibit "B".

Dated: October 30, 2015                By: /s/ Cornelius E. McKnight
                                                      Cornelius E. McKnight
                                                      Nathan P. Karlsgodt
                                                      McKNIGHT, KITZINGER & PRAVDIC, LLC
                                                      117 N. Jefferson Street, Suite 301
                                                      Chicago, Illinois 60661
                                                      P: (312) 463-9400
                                                      F: (312) 463-9401
                                                      cmcknight@mkplawyers.com
                                                      nkarlsgodt@mkplawyers.com