*Exhibit 4*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WEBB & THAD BEVERSDORF, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| MICHAEL FRAWLEY, | ) ) | No. 1:15-cv-06406 |
| Defendant. | ) ) ) ) | Judge Samuel Der-Yeghiayan Magistrate Judge Maria Valdez |

**DEFENDANT MICHAEL FRAWLEY'S REQUESTS FOR ADMISSION OF FACTS
DIRECTED TO PLAINTIFF NICHOLAS WEBB**

Pursuant to Federal Rules of Civil Procedure 36, Defendant Michael Frawley hereby propounds the following Requests for Admission of Facts on Plaintiff Nicholas Webb, to be responded to within thirty (30) days from the date of service. Responses shall be sent to the offices of Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, Illinois 60661, Attn: Dawn M. Canty, Esq.

**REQUESTS FOR ADMISSION OF FACTS**

1. Admit that the letter agreement dated June 4, 2012, attached hereto as Exhibit A (the "Webb Agreement") is the contract referenced in Paragraph 65 of the Complaint.

2. Admit that the Webb Agreement provides that you would be paid a salary at an annualized rate of $175,000 for as long as you were employed by Jefferies.

3. Admit that Jefferies paid you a salary of $7,291.67 every two weeks while you remained employed by Jefferies.

4. Admit that, as of the time you filed your Complaint, you believed that Defendant Frawley's alleged tortious interference with contract and fraud resulted in your termination from

1

Jefferies.

5. Admit that, but for the alleged tortious interference with contract and fraud by Defendant Frawley, you believed that you have remained employed by Jefferies and continue to earn a bi-monthly salary of $7,291.67 for at least six months after the date of your termination.

6. Admit that, as of the time you filed your Complaint, you believed that Defendant Frawley caused you to suffer damages in excess of $75,000.

7. Admit that the damages you allegedly suffered as a result of the loss of your employment, business reputation and commissions, as set forth in Count II, ¶ 69 of the Complaint, do not exceed $75,000.

8. Admit that you do not contest that the amount in controversy for your claims against Defendant Frawley exceeds $75,000.

9. Admit that it is impossible for you to recover in excess of $75,000 from Defendant Frawley based on the allegations of your Complaint.


DATED: November 11, 2015    Respectfully submitted,

/s/ J Matthew Haws

Arthur W. Hahn
Dawn M. Canty
J Matthew Haws
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200
*Attorneys for Defendant Michael Frawley*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WEBB & THAD BEVERSDORF, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| MICHAEL FRAWLEY, | ) ) ) | No. 1:15-cv-06406 |
| Defendant. | ) ) ) ) | Judge Samuel Der-Yeghiayan Magistrate Judge Maria Valdez |

**DEFENDANT MICHAEL FRAWLEY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF NICHOLAS WEBB**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Michael Frawley hereby propounds the following Interrogatories on Plaintiff Nicholas Webb, to be responded to within thirty (30) days from the date of service. Responses shall be sent to the offices of Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, Illinois 60661, Attn: J Matthew Haws, Esq.

**INTERROGATORIES**

Please respond to the following Interrogatories in accordance with the definitions and instructions set forth in Exhibit A attached hereto:

1. Identify the facts you relied on at the time you filed your Complaint to support your prayer that the Court enter judgment in your favor in an amount in excess of $50,000 resulting from Defendant Frawley's alleged tortious interference with contract, Compl. ¶ 69.

2. Identify the facts you relied on at the time you filed your Complaint to support your prayer that the Court enter judgment in your favor in an amount in excess of $50,000 resulting from Defendant Frawley's alleged fraud, Compl. ¶ 73.

1

3. As of the date you filed your Complaint, identify the total amount of salary you allege you lost as a result of (i) Defendant Frawley's alleged tortious interference with the letter agreement dated June 4, 2012, attached hereto as Exhibit B (the "Webb Agreement"); and (ii) Defendant Frawley's alleged fraud.

4. As of the date you filed your Complaint, identify the total bonus and/or commissions you allege you lost as a result of (i) Defendant Frawley's alleged tortious interference with the Webb Agreement; and (ii) Defendant Frawley's alleged fraud.

5. As of the date you filed your Complaint, identify any monetary loss you allege you have incurred as a result of the alleged injury to your business reputation as a result of (i) Defendant Frawley's alleged tortious interference with the Webb Agreement; and (ii) Defendant Frawley's alleged fraud.

6. As of the date you filed your Complaint, identify the amount that you allege your current total compensation had been reduced as a result of (i) Defendant Frawley's alleged tortious interference with the Webb Agreement; and (ii) Defendant Frawley's alleged fraud.

7. Identify the amount of attorneys' fees you incurred in connection with this matter as of and including June 16, 2015. For purposes of this Request, attorneys' fees shall include all fees, billed or unbilled, for services rendered on or before June 16, 2015, as well as any non-refundable retainer paid on or before June 16, 2015.

8. Do you contest that the amount in controversy exceeds $75,000? If so, state the basis therefor.

9. Do you contend that it is impossible for you to recover in excess of $75,000? If so, state the basis therefor.

DATED: November 11, 2015          Respectfully submitted,

/s/ J Matthew Haws

Arthur W. Hahn
Dawn M. Canty
J Matthew Haws
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200
*Attorneys for Defendant Michael Frawley*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS WEBB & THAD BEVERSDORF, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MICHAEL FRAWLEY, | ) ) ) |
| Defendant. | ) ) ) ) |

No. 1:15-cv-06406

Judge Samuel Der-Yeghiayan
Magistrate Judge Maria Valdez

**DEFENDANT MICHAEL FRAWLEY'S REQUESTS FOR ADMISSION OF FACTS
DIRECTED TO PLAINTIFF THAD BEVERSDORF**

Pursuant to Federal Rules of Civil Procedure 36, Defendant Michael Frawley hereby propounds the following Requests for Admission of Facts on Plaintiff Thad Beversdorf, to be responded to within thirty (30) days from the date of service. Responses shall be sent to the offices of Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, Illinois 60661, Attn: Dawn M. Canty, Esq.

**REQUESTS FOR ADMISSION OF FACTS**

1. Admit that the letter agreement dated June 6, 2012, attached hereto as Exhibit A (the "Beversdorf Agreement") is the contract referenced in Paragraph 65 of the Complaint.

2. Admit that the Beversdorf Agreement provides that you would be paid a salary at an annualized rate of $250,000 for as long as you were employed by Jefferies.

3. Admit that Jefferies paid you a salary of $10,416.67 every two weeks while you remained employed by Jefferies.

4. Admit that, as of the time you filed your Complaint, you believed that Defendant Frawley's alleged tortious interference with contract and fraud resulted in your termination from

1

Jefferies.

5. Admit that, but for the alleged tortious interference with contract and fraud by Defendant Frawley, you believed that you have remained employed by Jefferies and continue to earn a bi-monthly salary of $10,416.67 for at least four months after the date of your termination.

6. Admit that, as of the time you filed your Complaint, you believed that Defendant Frawley caused you to suffer damages in excess of $75,000.

7. Admit that the damages you allegedly suffered as a result of the loss of your employment, business reputation and commissions, as set forth in Count II, ¶ 69 of the Complaint, do not exceed $75,000.

8. Admit that you do not contest that the amount in controversy for your claims against Defendant Frawley exceeds $75,000.

9. Admit that it is impossible for you to recover in excess of $75,000 from Defendant Frawley based on the allegations of your Complaint.

DATED: November 11, 2015               Respectfully submitted,

                                       /s/ J Matthew Haws

                                       Arthur W. Hahn
                                       Dawn M. Canty
                                       J Matthew Haws
                                       KATTEN MUCHIN ROSENMAN LLP
                                       525 West Monroe Street
                                       Chicago, Illinois 60661
                                       (312) 902-5200
                                       *Attorneys for Defendant Michael Frawley*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WEBB & THAD BEVERSDORF, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 1:15-cv-06406 |
| MICHAEL FRAWLEY, | ) ) ) | |
| Defendant. | ) ) ) | Judge Samuel Der-Yeghiayan Magistrate Judge Maria Valdez |

**DEFENDANT MICHAEL FRAWLEY'S FIRST SET OF INTERROGATORIES TO
<u>PLAINTIFF THAD BEVERSDORF</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Michael Frawley hereby propounds the following Interrogatories on Plaintiff Thad Beversdorf, to be responded to within thirty (30) days from the date of service. Responses shall be sent to the offices of Katten Muchin Rosenman LLP, 525 West Monroe Street, Chicago, Illinois 60661, Attn: J Matthew Haws, Esq.

<u>**INTERROGATORIES**</u>

Please respond to the following Interrogatories in accordance with the definitions and instructions set forth in Exhibit A attached hereto:

1. Identify the facts you relied on at the time you filed your Complaint to support your prayer that the Court enter judgment in your favor in an amount in excess of $50,000 resulting from Defendant Frawley's alleged tortious interference with contract, Compl. ¶ 69.

2. Identify the facts you relied on at the time you filed your Complaint to support your prayer that the Court enter judgment in your favor in an amount in excess of $50,000 resulting from Defendant Frawley's alleged fraud, Compl. ¶ 73.

1

3. As of the date you filed your Complaint, identify the total amount of salary you allege you lost as a result of (i) Defendant Frawley's alleged tortious interference with the letter agreement dated June 6, 2012, attached hereto as Exhibit B (the "Beversdorf Agreement"); and (ii) Defendant Frawley's alleged fraud.

4. As of the date you filed your Complaint, identify the total bonus and/or commissions you allege you lost as a result of (i) Defendant Frawley's alleged tortious interference with the Beversdorf Agreement; and (ii) Defendant Frawley's alleged fraud.

5. As of the date you filed your Complaint, identify any monetary loss you allege you have incurred as a result of the alleged injury to your business reputation as a result of (i) Defendant Frawley's alleged tortious interference with the Beversdorf Agreement; and (ii) Defendant Frawley's alleged fraud.

6. As of the date you filed your Complaint, identify the amount that you allege your current total compensation had been reduced as a result of (i) Defendant Frawley's alleged tortious interference with the Beversdorf Agreement; and (ii) Defendant Frawley's alleged fraud.

7. Identify the amount of attorneys' fees you incurred in connection with this matter as of and including June 16, 2015. For purposes of this Request, attorneys' fees shall include all fees, billed or unbilled, for services rendered on or before June 16, 2015, as well as any non-refundable retainer paid on or before June 16, 2015.

8. Do you contest that the amount in controversy exceeds $75,000? If so, state the basis therefor.

9. Do you contend that it is impossible for you to recover in excess of $75,000? If so, state the basis therefor.

2

DATED: November 11, 2015    Respectfully submitted,

/s/ J Matthew Haws

Arthur W. Hahn
Dawn M. Canty
J Matthew Haws
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5200
*Attorneys for Defendant Michael Frawley*

3