# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS WEBB and** | ) | |
| **THAD BEVERSDORF,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 15 C 6406** |
| | ) | |
| **MICHAEL FRAWLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

   This matter is before the court on Plaintiffs' motion to remand.  For the reasons stated below, the motion to remand is denied.

## BACKGROUND

   Plaintiff Nicholas Webb (Webb) and Plaintiff Thad Beversdorf (Beversdorf) allege that they were recruited by Defendant Michael Frawley (Frawley) to work for Jefferies LLC (Jefferies), an independent securities and investment banking firm. Plaintiffs claim that they left their former employer in the securities industry to work for Jefferies in June of 2012 and that they were subsequently fired in October of 2013 without explanation.  Plaintiffs contend that Frawley, whom they allegedly reported to, had instructed them to conduct transactions which were not approved by

1

Jefferies, in direct interference with their employment contracts.

On June 16, 2015, Plaintiffs filed the instant action in the Circuit Court of Cook County, Illinois, including in their complaint claims against Frawley alleging tortious interference with contract and fraud. Frawley removed the state action to federal court alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. (Not. 1-2). Plaintiffs now move to remand the instant action back to state court pursuant to 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the burden of showing that the federal court has subject matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence").

## DISCUSSION

Plaintiffs argue that Frawley has failed to show that this court has diversity subject matter jurisdiction. (Rem. 2). Diversity subject matter jurisdiction is delineated in 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties with complete diversity of citizenship. *Id.* Specifically, Plaintiffs contend that Frawley has not established that the amount in controversy exceeds $75,000. (Rem. 2). In the notice of removal, Frawley claims that the amount in controversy is met since each plaintiff "seeks damages in excess of $100,000 against [Frawley], or an amount in excess of $50,000 for each count of their two-count Complaint," as well as recovery for attorneys' fees. (Not. 2).

The Seventh Circuit has held that "[t]he party seeking removal bears the burden of proving the propriety of removal" and "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013); *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)(stating that "the proponent of federal jurisdiction has the burden of proof," and that a defendant "seeking removal may meet that burden by a preponderance of the evidence"). However, once a case has been removed and the defendant has met its burden, "a plaintiff may move to remand the case back to state court only if appears to a legal certainty the amount in controversy cannot be met."

*McCormick v. Independence Life and Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015). The Seventh Circuit has defined the amount in controversy as "the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006)(citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002)). Additionally, once a case has been removed to federal court, a "removing defendant's estimate of the stakes" controls, unless it is "legally impossible" for a court to award that amount. *McCormick*, 794 F.3d at 818; *see Oshana*, 472 F.3d at 510-11 (stating that "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence" and that "[o]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount")(internal quotations omitted).

In their motion to remand, Plaintiffs argue that the required amount in controversy is not met because "the claims of multiple litigants cannot be aggregated to reach the jurisdictional requirement," nor should "claims for duplicative relief" be considered. (Rem. 2, 4). Plaintiffs further argue that Frawley "may not rely upon the aggregation of the individual Plaintiff's fraud claims with the tortious interference with contract claims." (Rem. 5). The Seventh Circuit has held that claims brought by more than one plaintiff against a single defendant cannot be aggregated to satisfy the requirement for the amount in controversy. *See Travelers*

4

*Property Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012)(stating that "the claims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy")(citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). However, Frawley contends that based on the allegations within the complaint and the Plaintiffs' employment contracts, which are the subject of dispute, each Plaintiff in the instant action is seeking damages in excess of $75,000. (Resp. 6). Frawley bases this assertion on their contracted annual salaries with Jefferies of $250,000 for Beversdorf and $175,000 for Webb, as well as Plaintiffs' allegations relating to loss of employment, business reputation and commissions. (Resp. 2; DE 18: Ex 1, p. 2; Ex. 2, p. 2; Compl. 12-13).

Accordingly, based on the damages alleged and supporting documents provided, it is reasonable for Frawley to infer that Plaintiffs each value the case to be in excess of $75,000. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)(stating that "[i]t is the *case,* rather than the *claim,* to which the $75,000 minimum applies")(emphasis in original). Moreover, as Frawley notes, Plaintiffs "have not disputed that their claims exceed $75,000." (Resp. 6). In addition, the court gave the parties leave to take limited discovery as it related to the jurisdictional issue of the amount in controversy and allowed both Frawley's and Plaintiffs' counsel to file supplemental memoranda . (DE 23); *see* 28 U.S.C. § 1653 (stating that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts").

As indicated in Frawley's supplemental memorandum, even after being posed with targeted questions relating to the amount in controversy, neither Plaintiff supplied direct answers as to the amount in damages sought, stating repeatedly that they lacked sufficient information to make such a determination. (F Supp. 2-3). Plaintiffs' refusal to admit or deny that they each seek damages in excess of $75,000 stands in stark contrast to their contentions that removal is appropriate based on the amount in controversy not meeting the threshold requirement. *See Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011)(stating that "[a] plaintiff in Illinois can limit the relief to an amount less than the jurisdictional minimum, and thus prevent removal, by filing a binding stipulation or affidavit with the complaint"). Further, despite arguing that Frawley has failed to plausibly allege the required amount in controversy, (P Sur-Reply 6), Plaintiffs have not demonstrated that it would be legally impossible or implausible for a court to award each an amount in excess of $75,000. Frawley has thus provided sufficient justification for his reasonable belief and good-faith estimate of what Plaintiffs hope to be awarded in the instant action. Therefore, Frawley has shown that there is diversity subject matter jurisdiction, and Plaintiffs have failed to show that removal was improper. Based on the above, the motion to remand is denied.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion to remand is denied.


_Samuel Der-Yeghiayan_
_____

Samuel Der-Yeghiayan
United States District Court Judge


Dated:   March 24, 2016