IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WEBB and THAD BEVERSDORF, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15 C 6406 |
| MICHAEL FRAWLEY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Frawley's (Frawley) motion to compel arbitration. For the reasons stated below, the motion to compel arbitration is granted.

## BACKGROUND

Plaintiff Nicholas Webb (Webb) and Plaintiff Thad Beversdorf (Beversdorf) were allegedly recruited by Defendant Michael Frawley (Frawley) to work for Jefferies LLC (Jefferies), an independent securities and investment banking firm. Plaintiffs claim that they left their former employer in the securities industry to work for Jefferies in June of 2012 and that Frawley was their supervisor. Plaintiffs contend that Frawley instructed Plaintiffs to conduct transactions which were not

1

approved by Jefferies and that when Plaintiffs followed such instructions, their employment was terminated. On June 16, 2015, Plaintiffs filed the instant action against Frawley in the Circuit Court of Cook County, Illinois, including in their complaint claims against Frawley alleging tortious interference with contract and fraud. Frawley then removed the state action to federal court. Frawley now moves to compel arbitration.

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted)(quoting *United Steelworkers of America v. Warrior & Gulf*, 363 U.S. 574, 582-83 (1960)). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the

2

arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted)(quoting *AT& T Techs., Inc. v. Communc'ns Workers of America*, 475 U.S. 643, 650 (1986) and *Volt Info. Sci., Inc. v. Board of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 475-76 (1989)); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002)).

## DISCUSSION

Frawley contends that the claims presented in this case are subject to mandatory arbitration under the rules of the Financial Industry Regulatory Authority (FINRA).

3

I. Associated Persons and Agency

Frawley argues that the parties in this case are subject to FINRA arbitration provisions as Associated Persons under FINRA Rules and that he acted as an agent for Jefferies. Pursuant to FINRA Rule 13200 (Rule 13200), "a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons." *Id.* Frawley contends, and Plaintiffs do not dispute that Jefferies was a member of FINRA. Frawley further argues that he and Plaintiffs are Associated Persons under Rule 13200. An Associated Person is defined as "a person associated with a member, as that term is defined in paragraph (r)." FINRA Rule 13100(a). The term "person associated with a member" is defined as the following:

> (1) A natural person who is registered or has applied for registration under the Rules of FINRA; or
> (2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or *a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member*, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA.

FINRA Rule 13100(r)(emphasis added). The record reflects that all the parties, by virtue of their employment relationship with Jefferies, were controlled by Jefferies, a FINRA member, while they worked in a securities business. Frawley has also produced copies of Plaintiffs' employment agreements, referencing FINRA and

4

Jefferies' connection to FINRA and arbitration in accordance with FINRA. (D Ex. - 2). Thus, all three parties in this action all qualify as associated persons under Rule 13200. Rule 13200 also makes clear that such arbitration applies to disputes between associated person by including the phrase "or among . . . associated members." *Id.* Frawley has also pointed to evidence showing that Beversdorf was a FINRA Registered Representative and signed a FINRA Form U-4, which provided the following:

> I agree to arbitrate any dispute, claim or controversies that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4. . . as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

*Id*. The record thus reflects that the parties are Associated Persons under FINRA Rules and a dispute between such persons is subject to mandatory arbitration.

The record also reflects that Plaintiffs signed employment agreements with arbitration clauses and that Frawley acted as the agent of Jefferies, when engaging in his role as Plaintiffs' supervisor at Jefferies. Even if as Plaintiffs contend, in retrospect that Jefferies may not have agreed with all of Frawley's decisions relating to Plaintiffs, Frawley would still have retained the agency authority to bind Jefferies and would have been Jefferies' agent. *Midwest Trading Grp., Inc. v. GlobalTranz Enterprises, Inc.*, 59 F. Supp. 3d 887, 892 (N.D. Ill. 2014)(stating that "an agent may bind a principal to a contract while acting within the scope of its authority"). Thus,

5

Frawley can also seek to enforce such employment agreements as an agent of Jefferies.

II. Termination of Employment

Plaintiffs also argue that FINRA does not provide a basis to compel arbitration because the employment relationship of all three parties in this action has already been terminated by Jefferies. Plaintiffs contend that they therefore are not bound by FINRA Rules. However, the FINRA Rules specifically provide that "a person formerly associated with a member is a person associated with a member." FINRA Rule 13100(r). Thus, the mere fact that the parties are not currently associated with Jefferies is not dispositive. Plaintiffs' assertion that FINRA can no longer provide jurisdiction in this matter is without merit. (Resp. 2). FINRA is merely a means by which contractual obligations are defined. It is not a basis for jurisdiction in this federal court and jurisdiction is not lost once the parties no longer associate with a FINRA member.

III. Business Activity

Plaintiffs also argue that the dispute in this matter does not fall within the scope of Rule 13200, arguing that the dispute does not arise out of a business activity. Plaintiffs argue that their claims do not relate to the securities industry or the business activities of Jefferies. The phrase "business activities" in the FINRA Rules is interpreted broadly. *Griffis v. Wells Fargo Advisors, LLC*, 2014 WL

3027683, at *4 (N.D. Ill. 2014). Plaintiffs' own allegations indicate that they are premised upon Plaintiffs' attempts to obtain a metals trading business, Frawley's alleged representations regarding the aim of Jefferies' trading activities, and Plaintiffs' alleged poor performance in their trading activities. Plaintiffs also, for example, specifically seek damages for commissions that might have been earned if certain transactions were pursued by Jefferies in its trading activities. (Compl. Par. 61-62, 69, 72). Such facts relate to trading decisions and to employment decisions by a FINRA Member and the quality of performance by employees. Such decisions are related to the operation of Jefferies in the securities industry. Plaintiffs attempt to characterize their claims so as to avoid falling under the business activities as defined in FINRA Rules, but Plaintiffs cannot avoid the essence of such claims. Even if Plaintiffs can show that they were ultimately engaging in trading activity that was no longer desired by Jefferies, that would not alter the fact that they were still engaging in such activity on behalf of Jefferies at the direction of a supervisor working for Jefferies and were engaged in business activities for Jefferies. Thus, the claims in this matter fall within the scope of a business activity under Rule 13200.

IV. Exemption

Plaintiffs also argue that they are exempt from arbitration because they were engaged in commodity futures trading instead of securities trading. Plaintiffs provide no citation to a case in which a court held that the FINRA Rules were of such a limited scope. (Resp. 4). The non-controlling precedent cited by Plaintiffs

7

held that business activities subject to arbitration under FINRA might not extend to activities pursued by a person such as acting "as a freelance photographer, coin collector, novelist, real estate agent, auto mechanic, or the like," but the court did not hold that a trader in commodities was exempt. *Valentine Capital Asset Mgmt., Inc. v. Agahi*, 174 Cal. App. 4th 606, 615-16 (Cal. Ct. App. 2009). Frawley is not seeking to hold Plaintiffs subject to FINRA Rules based on tangential activities such as coin collecting. The activities in question involved the securities industry and interaction with a FINRA member. Plaintiffs have specifically pled in their complaint that they were employed in the securities industry. (Compl. Par. 2). Plaintiffs have not provided a valid basis to exempt them from arbitration in this matter. Based on the above, Frawley's motion to compel arbitration is granted.

## CONCLUSION

Based on the foregoing analysis, Frawley's motion to compel arbitration is granted. The request to stay this action pending the outcome of the arbitration is denied. The instant action is dismissed with leave to reinstate within one year if the parties believe that the instant action should proceed further after the arbitration is concluded.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 3, 2016